COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-406-CR

AARON KEITH ALANIZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Aaron Keith Alaniz pleaded guilty to aggravated sexual assault of a child and was placed on deferred adjudication community supervision. When Appellant failed to abide by the terms of his community supervision, the State moved to proceed to adjudication.  The trial court adjudicated Appellant guilty and sentenced him to fifteen years’ confinement.  The trial court granted Appellant permission to appeal only the punishment portion of the proceedings. In a single point on appeal, Appellant argues that his appointed trial counsel rendered ineffective assistance by failing to move the trial court to suppress contraband seized under an allegedly defective search warrant.  We affirm.

Standard of Review

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence (1) that counsel’s representation fell below the standard of prevailing professional norms and (2) that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

When evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that counsel’s conduct fell within a wide range of reasonable representation.  
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63.  A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.  
Thompson
, 9 S.W.3d at 813-14.  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63).  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”  
Id.
 (quoting 
Thompson
, 9 S.W.3d at 813).

The second prong of 
Strickland
 requires a showing that counsel’s errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

The Search Warrant

While Appellant was serving his term of deferred adjudication community supervision, police obtained a warrant to search a house “in charge of and controlled by” Appellant for “a considerate [sic] amount of stolen property, taken in recent burglaries in the Graham, Young County, Texas area.”  As probable cause for the warrant, the warrant affidavit relied on information received from a confidential informant, as follows:

Affiant knows a cooperating individual who[m] the Affiant believes to be reliable and credible and who for safety reasons shall remain unnamed throughout this affidavit.  The cooperating individual has, in the past, given officers with the Young County Sheriff’s Office information on criminal activity that has proven to be true and correct and that has led to the recovery of stolen merchandise.  On 9-8-05, said cooperating individual told Affiant (Investigator Parker) that the cooperating individual has, in the past personally observed stolen property at the above mentioned and described suspected residence.  Cooperating individual has also told Affiant (Investigator Parker) that recently Cooperating Individual has personally observed methamphetamine in the possession of [Appellant] at the said suspected place.  Said cooperating individual has knowledge of methamphetamine and other illegal narcotics through past experience of drug abuse. 

The magistrate issued the warrant, and police searched the subject house.  Inside the house, they found a .22 rifle unlawfully modified with a homemade silencer and marijuana in what one of the searching officers described as a common area of the house.  Appellant was present at the house at the time of the search, as were another adult male, an adult female, and a child. 

Appellant’s counsel filed a motion to suppress the contraband seized during the search because the house searched by the police was not the house described in the warrant served by the police at the time of the search.  At the suppression hearing, a police officer testified that another officer inadvertently left a copy of the wrong search warrant at the searched house.  The next morning, when the police realized that they had left the wrong warrant at the searched house, they served a copy of the correct warrant.  The trial court overruled Appellant’s motion and admitted testimony about the seized contraband into evidence at the adjudication hearing.
(footnote: 2)   

Discussion

On appeal, Appellant contends counsel was ineffective for failing to move to suppress the contraband because the confidential informant’s information was purely conclusory and so indefinite as to time that the magistrate could not determine whether it was probable that the contraband would still be present when the warrant issued. 

Even assuming for the sake of argument that Appellant can satisfy the first prong of the 
Strickland 
test, the second prong 
is fatally dispositive of his sole point; 
Appellant has not shown a reasonable probability that, but for counsel’s alleged error, the trial court would have imposed a lesser sentence.  
See Strickland
, 
466 U.S. at 694, 104 S. Ct. at 2068
.

Appellant pleaded guilty to aggravated sexual assault of a child, a first degree felony, for which the permissible range of punishment is confinement for five to ninety-nine years or life.  
See
 
Tex. Penal Code Ann. §§ 
12.32 (Vernon 2003), 22.021(e) (Vernon Supp. 2006).  The fifteen-year sentence recommended by the prosecutor and assessed by the trial court is at the lower end of the range; indeed, the trial judge said he was “stunned” that the State recommended such a light sentence. 

Further, the State offered other evidence at the adjudication hearing that tends to support the sentence imposed, even in the absence of the seized contraband: while on deferred adjudication, Appellant failed to register as a sex offender; police arrested him for theft of merchandise from a Wal-Mart; and when he was arrested, police found illegal drugs and drug paraphernalia on his person.  While the trial court specifically mentioned the illegal weapon and possession of marijuana when assessing punishment, it also mentioned Appellant’s failure to register as a sex offender.  More significantly, the trial court emphasized Appellant’s demeanor as a crucial factor in sentencing:

I’m a little stunned by a recommendation for 15 years.  The fact of the matter is that we have an individual on supervision, who is not only facing being adjudicated guilty of a felony offense but is also looking at life in prison.  And the person with so much at stake, even though they come into court and they say, “Well, I’ve got a couple of kids and a wife to support and another one on the way
 
. . . [.]” I mean, theft, possession of a prohibited weapon, possession of marijuana, failure to register, really a failure to do the one thing that we seek out of anybody that we place on supervision, which is just to be a law-abiding citizen, and then you take the witness stand and, you know, you’re attitude is defiant.  You know, I mean, I don’t want to answer these questions.  I don’t want to answer these questions directly.  I’ll just be evasive.  I’ll try to fake everybody out.  I’m smarter than everybody else in the courtroom.  And not only that, you know, you totally diminished your -- or you know, “She [the sexual assault victim] was my girlfriend,” and, you know, it’s not very impressive.  So I’m kind of stunned by a request that the Court only consider 15 years confinement in prison, because the Court was really expecting the State to come in and say hammer this fellow.  We got the opportunity here; send him to prison for life.  Send a message to this community. 

We hold that Appellant has 
not shown a reasonable probability that, but for counsel’s alleged error, the trial court would have imposed a lesser sentence.  
See Strickland
, 
466 U.S. at 694, 104 S. Ct. at 2068
.  Therefore, we overrule his sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  August 31, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
No evidence was offered at the punishment hearing, but the trial court’s comments on the record during sentencing clearly show that the trial court considered the contraband when assessing punishment.